■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EPHRAIM GRANT, Respondent. [655 NYS2d 542] —Appeal by the People from an order of the Supreme Court, Queens County (Flaherty, J.), dated April 30, 1996, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials are denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

Upon receiving an anonymous tip that a blue Mazda 626 automobile was being dismantled at a specific location by three individuals, several officers, including Detective Philip Tom, responded to that location, an auto collision/repair shop, and observed three men standing in a garage around the shell of a blue Mazda 626 automobile. One of the men was working on the automobile. Detective Tom exited his car and noticed that the shop did not have its dismantling license affixed to the exterior of the shop as required by law.

Detective Tom then entered the shop by himself to make further inquiries and noticed that the automobile had been cut in half and that the two halves were being temporarily held together by vise grips. Detective Tom also noticed that the rear end of the automobile was painted a different shade of blue than the front end. Detective Tom asked who owned the automobile, and the defendant, one of the three men present, stated that he did. The defendant subsequently left the garage area briefly and returned with an automobile title. The defendant also produced a dismantling license, although according to Detective Tom, the license covered another building—a salvage yard—which shared the same address, and did not authorize dismantling in the shop where the automobile was being worked on.

After the defendant produced the title, Detective Tom asked him if he could inspect the automobile, and the defendant offered no objection. Detective Tom then compared the VIN on the title to the VIN on the front half of the automobile and the numbers matched. However, when Detective Tom inspected the confidential VIN on the rear half of the automobile, that number did not match the number on the title. Upon running a computer check, Detective Tom ascertained that the rear half of the automobile was from an automobile reported stolen only five days earlier, and placed the defendant under arrest.

The hearing court granted those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials. We reverse.

The police interaction with the defendant was justified in its inception and reasonably limited in scope at each successive step in response to the circumstances presented (*see, People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210). Detective Tom and his fellow officer received a tip specifically describing the make, color, and model of the automobile in question, as well as its location and the number of persons who would be present at the location. This information, together with Detective Tom's initial, on-the-scene observations, including the absence of the required exterior license display, justified Detective Tom's minimally-intrusive step of entering the garage to inquire about the automobile (*see, People v Hollman, supra; People v De Bour, supra*).

When he entered the shop and noticed a severed automobile with different paint tones on each half, Detective Tom permissibly asked those present who owned the automobile. Upon ascertaining that the defendant was the owner, and examining the title he produced, Detective Tom lawfully obtained the defendant's consent to inspect the automobile. After discovering that the rear half had been reported stolen only days earlier, Detective Tom properly placed the defendant under arrest.

Contrary to the hearing court's conclusion, the record does not support a finding that the defendant was in custody at the time Detective Tom made his inquiries (*see, People v Hollman, supra; People v Hicks,* 68 NY2d 234, 240; *People v Yukl,* 25 NY2d 585; *see also, People v Gonzalez,* 39 NY2d 122). The hearing testimony demonstrates that Detective Tom entered the shop alone and was present only for a few minutes, the overall tenor of the ensuing conversation was straightforward and routine, none of Detective Tom's inquires were threatening or

accusatory, the defendant had cooperated fully with Detective Tom's requests, and the defendant's freedom was not restricted, as evidenced by the fact that he left the premises on one occasion to retrieve the title and license. While it is true that several other officers were waiting outside the shop, there is nothing in the record indicating that these officers spoke to or threatened the defendant, or that he was even aware that they were present. Under the circumstances, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials are denied. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.